## Scott v. Hodges.

### Trover.

1. *Trover; when maintainable.*—C, who had a mule, executed to H, a written instrument acknowledging the receipt from H of a given sum of money in full payment for the mule, and providing that if C paid said sum of money and costs to H by a given date, then the mule was to belong to C, otherwise the instrument was to remain in full force and effect. H permitted C to remain in possession. *Held:*

1. The effect of the instrument was to pass title to H, subject to be divested on payment of the specified sum, and until then, H was entitled to possession.

2. Whatever might be the right of a *bona fide* purchaser, one who occupied the relation to C of a voluntary donee, could acquire no greater right than he had, and could not set up want of notice ; and the claim of title by such voluntary donee, and his assumption and use of the mule, were illegal and a conversion, for which trover lies.

2. *Demand; when not necessary.*—Where possession originated tortiously, and was adverse to the true owner, demand is not necessary to maintain trover.

[Scott v. Hodges.]

APPEAL from Chambers Circuit Court.

Tried before Hon. JAMES C. COBB.

This was an action of trover, brought by the appellee, C. C. Hodges, against the appellant, John R. Scott, for the conversion of a mule. On the trial the plaintiff introduced in evidence an instrument in writing, executed by M. J. and W. J. Cottle, on the 26th day of March, 1875, which acknowledged the receipt from plaintiff of a given sum of money, in full payment for the mule, and providing that if Cottle paid said sum of money and costs to plaintiff by the first day of October, 1875, then the mule was to belong to Cottle, otherwise the instrument was to remain in full force and effect. This instrument was duly recorded in the Probate Judge's office of Randolph county, on the 4th day of June, 1875. The value of the mule was proved, and that the Cottles were in possession at the date of execution of the mortgage. Plaintiff also testified that about the middle of August, 1875, he was at the residence of said Cottle, and found him and one Clarke, an agent of defendant, bringing said mule from the pasture of said Cottle, and that he notified said Clark that he had the mortgage, and that a few days thereafter he saw said mule in possession of the defendant and demanded possession, which was refused.

Defendant then proved a bill of sale to said mule, made by Cottle on the 18th day of May, 1875, but there was no proof that he paid any consideration for the same.

There was evidence tending to prove that defendant received possession of the mule about the middle of August, 1875, and before he had notice of the mortgage to plaintiff, and has held possession of him ever since.

The court, in its general charge, charged the jury that the plaintiff had the right to the possession of the mule, as against the defendant, at any time after the execution of the instrument offered in evidence by the plaintiff. To this charge the defendant excepted. The defendant then asked the following written charges : "1. That to support the action of trover, the plaintiff must, at the time of the conversion, have had a property in the mule, either general or special, and the actual possession, or the right to immediate possession, and that the instrument offered in evidence did not give to him the right to the possession of the mule until the first day of October, 1875. 2. That all conversions may be divided into four distinct classes—1, by a wrongful taking ; 2, by an illegal assumption of ownership; 3, by an illegal user or misuser ; 4, by a wrongful detention. In the first three named classes there is no necessity for a demand and refusal, as the evidence arising from the acts of the defendant

[Scott v. Hodges.]

is sufficient to prove the conversion. In the latter case alone is such evidence to be required, as the mere detention of a chattel furnishes no evidence of a disposition to convert it to the holder's use, or to divest the true owner of his property." These charges the court separately refused to give, and to each refusal the defendant excepted. There was a verdict and judgment for the plaintiff, and the defendant appeals to this court, assigning the charge given and the refusal to charge as requested, as error.

ROBINSON & DENSON, for appellant.

CICERO D. HUDSON, *contra*.

BRICKELL, C. J.—The title to the mule passed to Hodges, under the contract in writing given in evidence, subject to be divested on the payment by the vendors of the sum expressed, on or before the 1st October, 1875. Until that condition was fulfilled, Hodges was the absolute owner, entitled to possession, and if the vendors were permitted to remain in possession, they were merely tenants at his will. If a *bona fide* purchaser from Cottle would have been protected against the title of Hodges, the appellant does not stand in that position, and cannot claim the protection. Whether he had notice of the sale to Hodges is unimportant. He paid or parted with nothing of value for the mule, and is the mere voluntary donee of Cottle, having no other or greater right than he had. The claim of a greater right, and the assumption of ownership, using the mule as if he was owner, was illegal, and a conversion for which trover will lie. No demand was necessary, for his possession originated tortiously, and was adverse to that of the true owner.

The first instruction requested by the appellant was properly refused. The second may state the law correctly in a proper case; but in this case it was properly refused.

Affirmed.